## ROCKINGHAM, SEPTEMBER TERM, 1821.

### EPHRAIM FARNUM *vs.* THE TOWN OF CONCORD.

Of the liability of towns for injuries resulting from defects in roads and bridges.

THIS was an action of the case brought by the plaintiff to recover the value of a horse alleged to have been drowned in consequence of the neglect of the inhabitants of *Concord* to repair a highway, which they were by law bound to keep in repair. The cause was tried here at February term, 1820, upon the general issue, when a verdict was taken for the defendant, subject to the opinion of the court upon the following facts.

The highway in question is on the west bank of Merrimack river in the town of Concord, and is, at the place, where the accident happened, about twenty-four feet wide, and the common travelled path is in the centre of the highway. Previous to the 12th May, 1819, there had been a hole in the east side of the travelled path three or four feet deep and about a foot over, and at the same time there was on the west side of the highway nearly opposite to the hole on the east side a hollow place of considerable extent. The distance between the hole on the east and the hollow on the west side of the highway was about twelve feet. On the said 12th May, 1819, the river had arisen so as to overflow the road in this place from one and a half to two feet deep, and Mr. *Kent*, in whose possession the horse was, coming to the place with the horse in a chaise, and observing the road overflowed and the water very turbid, so that no part of the road could be seen, procured a boy to conduct him through the

Farnum
*vs.*
Concord.

water, and the boy conducting him a little too much to the west, the horse plunged into the hollow place on that side of the road, and was drowned.

RICHARDSON, C. J. delivered the opinion of the court.

No action lies at common law against a town for damages sustained through defects in highways. 9 *Mass. Rep.* 247, *Mower vs. Leicester.*—2 *D. & E.* 667, *Russell & a. vs. The men of Devon.* But our statute of February 27, 1786, sec. 4, provides, " that in case any special damage shall happen to " any person or persons, or to his or their teams or carriages, " by means of the insufficiency or want of repairs of any high- " ways or bridges in any town or parish within this state, the " party aggrieved shall recover his or their damage in an " action against such town or parish."(1) And the question is, whether any damage has happened to the plaintiff in this case by means of the insufficiency or want of repair of the highway in question within the intent and meaning of this statute.

(1) 1 N. H. Laws 389.

It is very clear, that towns are not liable upon this statute for every special damage to individuals which want of repairs in highways may have had an influence in producing. In the first place towns are not liable, where there has been any fault on the part of him who has sustained the damage. In the case of *Wood vs. Waterville*,(2) *Parsons*, C. J., says, speaking of their act, " it is manifest that the principle on " which damages are given is, that the town have neglect- " ed to cause repairs, &c., and that the party injured is in no " fault. For it cannot be presumed that the act intended to " provide a remedy for damages sustained by any man " through his own wrong." In the case of *Butterfield vs. For- rester*,(3) which was case for obstructing a highway, by means of which obstruction the plaintiff was thrown down with his horse and injured, Lord *Ellenborough* said, " A " party is not to cast himself upon an obstruction, which has " been made by the fault of another, and avail himself of it, " if he do not himself use common and ordinary caution to be " in the right. One person's being in fault will not dispense " with another's using ordinary care for himself. Two things

(2) 4 Mass. Rep. 423.

(3) 11 East 60.

" must concur to support this action, an obstruction in the
" road by the fault of the defendant, and no want of ordinary
" care to avoid it on the part of the plaintiff."

In the next place, the special damage must result directly
from the want of repairs in the highway. It is not enough
that a defect in the road may have indirectly contributed to
produce the damage, but the loss must be produced directly
by the defect.(1)

(1) Carthew
191, Paine vs.
Patrick.

The principles, which must govern actions upon the stat-
ute, are easily illustrated. Suppose a bridge across a stream
in a town so out of repair and ruinous, as to be manifestly
and clearly unsafe to pass. Any person coming to such
bridge with his horse, carriage, or team, might, with great
propriety, decline to pass it; and if he sustained any special
damage by reason of his being unable to pass it, he might
well maintain an action against the town. *Co. Litt.* 56, *a.*
—*T. Jones* 157, *Hart vs. Basset.*

But if in such case, knowing the situation of the bridge,
he should attempt to pass with his horse or team, and they
should be lost or injured, he could maintain no action against
the town, because the loss must be attributed to his own
fault and folly in attempting to pass such a bridge. Or, if
finding the bridge impassable, he should lose his horse in an
attempt to ford the stream, the town would not be liable for
the loss of the horse, because the damage in such case would
not result directly from any defect in the bridge, but from
some danger in fording the stream. But if coming to the
bridge in the night, without any notice of its defects, he
should lose his horse in attempting to pass it, the town would,
without doubt, be liable.

In our opinion, the statute intended to give relief only in
cases of losses, resulting directly from defects in highways,
and which ordinary care and prudence could not avoid. If
towns suffer highways to be out of repair, they may be com-
pelled by law to repair them; but no neglect of towns to
repair roads gives any right to individuals to make danger-
ous experiments upon them at the risk of towns.

In this case the defect in the road was well known. The road was overflown with very turbid water, so that the pathway was wholly invisible ; the horse was not lost in the defective part of the road, but by being led out of the travelled road through the mistake of the guide ; and we are clearly of opinion, that the loss is to be attributed not to the defect in the highway, but to the overflowing of the water and the mistake of the guide. Indeed, under the circumstances, we are not prepared to say, that this action could have been maintained, had the horse sunk in the defective part of the road and been drowned. For it is by no means clear, that any person, acquainted with the defect in the road, had a right to attempt to pass at the risk of the town. But on this point we give no opinion, being very well satisfied that this action is not maintained by the evidence.

There is no foundation for the supposition, that this action can be maintained on the ground that the town of *Concord* were bound to raise the road above the floods of the river. For, admitting the town was by law bound to do that, and might have been compelled to do it, still it by no means follows that this action can be maintained. The situation and state of the road was well known ; and we are clearly of opinion, that whoever, with a full knowledge of the state of a road in such a case, chooses to run the risk of passing, does it at his own peril, and the town is not liable.

*Judgment on the verdict.*