# ROCKINGHAM,

## JULY TERM, A. D. 1846.

## QUIGG *v.* KITTREDGE & Tr.

18  137
67  588

The process of foreign attachment may be maintained against an executor or administrator; and he may be charged as trustee, without a previous demand, or presentation of his claim, by the principal debtor.

The statute of limitations does not commence to run on demands against an executor or administrator, until a right of action accrues to the creditor.

Where the demand depends upon a contingency, the statute limiting actions against an executor or administrator to two years, does not apply.

The prosecution of a writ of error against an executor is a sufficient exhibition of the claim to enable the plaintiff in error to institute an action for the recovery of the amount to which he is entitled by the reversal of the judgment.

When an action is maintained against an executor or administrator, after a decree of the probate court requiring him to make payment, as nothing remains to be done but the payment of the money in his hands, judgment is rendered *de bonis propriis*. But, as a general rule, where the action is founded on a debt due from the testator, or intestate, without such decree, the judgment is against the goods of the testator, or intestate. The same rule prevails in a process of foreign attachment against the executor or administrator.

If the right of action, upon a claim not carrying interest by the agreement of the parties, is dependent upon a previous demand, no interest accrues until after a demand. And in such case, although a process of foreign attachment may be maintained without a demand, the creditor is not entitled to interest, as against the trustee, either before or after the suit.

FOREIGN ATTACHMENT, against J. M. M. Elliot, as trustee of R. Kittredge.

The trustee pleaded that he had not, either in his private capacity, or as executor of the last will of Jacob Elliot, at the time of the service of the writ, or since, any money, goods, &c., of the principal debtor, in his possession.

The plaintiff elected to take the disclosure of the trustee, from which it appeared that in the year 1838 the principal defendant brought an action of trespass on the case against Jacob Elliot, for an alleged injury done to his sheep by Elliot's dog, in which, at the September term, 1840, judgment was rendered for Elliot for $109.64 costs of suit, which Kittredge paid. At the July term, 1844, said judgment was reversed on a writ of error.

This suit was commenced September 18, 1844. Jacob Elliot died in December, 1841, and the trustee is his executor, having taken out letters of administration, December 29, 1841. No claim or demand has been made upon the trustee for the amount of the judgment, and he never repaid said Kittredge any part of the sum recovered of him.

*H. F. French,* for the plaintiff, cited *Hall* v. *Marston,* 17 Mass. 575; *Claflin* v. *Godfrey,* 21 Pick. 1–6; *Maghee* v. *Kellogg,* 24 Wend. 32; *Wilder* v. *Bailey,* 3 Mass. 289; *Sibley* v. *McAllister,* 8 N. H. Rep. 389.

*Pillsbury,* for the trustee, cited *Piper* v. *Piper,* 2 N. H. Rep. 439; *Adams* v. *Barrett,* 2 N. H. Rep. 374; *Gookin* v. *Sanborn,* 3 N. H. Rep. 491.

PARKER, C. J. On the reversal of the judgment, a right of action accrued to Kittredge, to recover back the money which he had paid. 24 Wend. 32, *Maghee* v. *Kellogg.* There was a debt due to him, which he might enforce by presenting it to the trustee as executor. Foreign attachments may be maintained against an executor

or administrator of a solvent estate. It has been decided that this process lies against an insolvent estate, to obtain the amount due to a creditor who has had a claim allowed (2 N. H. Rep. 394, *Adams* v. *Barrett*), and against any executor or administrator, to recover the share of an heir in the personal estate. 20 Pick. 563, *Wheeler* v. *Bowen.* The executor, therefore, may be chargeable in this case, unless the suit conflicts with some other provisions of the statutes.

, It is objected that the claim has not been presented to this executor. It is clear that Kittredge could not have maintained any action until he presented his claim. One reason of the statute is, that the estate ought not to be subjected to expenses and costs, without an opportunity for the executor or administrator to make payment. So actions cannot be maintained by the party entitled, against attorneys, sheriffs, agents, &c., who have moneys in their hands, collected, until a demand has been made. So bailees are not answerable in many cases, until there has been a demand. So administrators of insolvent estates cannot be charged until demand, after a dividend has been declared, nor administrators generally, for the share of an heir. But they may be charged as trustees, although there has been no demand. The reason is that the process of foreign attachment is not regarded as an adverse suit, as against the trustee. Instead of being subjected to costs, he recovers costs, and these are regarded as an indemnity.

The fact that the claim was not presented, therefore, furnishes no objection to this suit. The statute applies only to suits by the creditor against the executor or administrator. But it is further objected, that no action can be maintained, because more than two years have elapsed, and that the claim against the estate is therefore barred. No doubt a claim must exist in favor of the principal debtor, at the time of the process, which he could enforce

against the trustee. The creditor of the principal cannot have any greater rights in this respect than his debtor might exercise. If the debt is barred, it is like any other debt barred by statute. But in this case the limitation does not apply. The demand depended on a contingency— the contingency of a reversal of the judgment; and the right to the money did not accrue to Kittredge until more than two years after the grant of administration. He might have proceeded to enforce his claim when this action was instituted. The prosecution of the writ of error against the executor was a sufficient exhibition of the claim, and there is no special limitation, except the settlement of the estate, for such demand. Statute 1822 (ed. 1830), 338. See also Revised Statutes, chap. 161, sections 5, 6. It does not appear that there has been any settlement of the estate of Jacob Elliot; and it is doubtful at least if any could have been made which would bar this claim, under the existing state of the other facts.

Another question arises as to the form of the judgment, and the proper process for enforcing it. When an action is maintained against an executor or administrator, after a decree of the probate court, requiring him to make payment,—as, for a dividend on an insolvent estate after a decree of distribution,—as nothing remains to be done but the payment of the money in his hands, judgment is rendered *de bonis propriis*. But, as a general rule, when the action is founded on a debt due from the testator or intestate, without such decree, the judgment is against the goods and estate of the testator, or intestate. The same rule prevails in a process of foreign attachment against the executor or administrator. In this case there must be judgment against the goods of the testator in the hands of the trustee. That would have been the judgment to which Kittredge would have been entitled, if he had maintained a suit.

No interest can be allowed. There was no duty to pay

to Kittredge which was violated. So far as appears, there was no demand by him after the reversal of the judgment. He, therefore, could not have claimed interest when this process was commenced. After this action was instituted the trustee could not pay to Kittredge, nor had he the right to pay the plaintiff. He was, therefore, in no default. Attorneys, agents, &c., having the money of the principal in their possession, cannot ordinarily be subjected to the payment of interest, until after a demand.

*Trustee charged. Special execution against the goods of the testator in his hands.*