# CHESHIRE,

## JANUARY TERM, A. D. 1849.

### WHEELER *v.* TROY.

It is the duty of towns to keep in repair the highways within their limits, and for neglect of such duty they are liable at common law, and independently of the statute giving an action to the party injured.

A new trial will not be granted upon affidavit of the party's agent that since the trial he had been informed by a person of certain facts, supposed to be material, in regard to which the agent had sought for information before the trial, and that the agent had also learned, since the trial, that certain persons named were present at the occurrence which was the foundation of the suit, but had not seen those persons to ascertain what they would testify.

CASE. The declaration stated that the wife and daughter of the plaintiff, in crossing a certain bridge which the defendants were bound to keep in repair, and which was within the limits of said town of Troy, were, by reason of the unsafe condition of said bridge, and for want of sufficient repair thereof, precipitated from the bridge among the rocks beneath, and bruised and injured,—whereby the plaintiff was deprived of the labor of both his wife and child for a long period, and subjected to expense and pains in nursing and healing them.

Evidence was introduced to sustain the declaration, so far as it related to the injuries alleged to have been done to the wife; but the plaintiff's counsel stated at the trial that he did not claim damages on account of injuries done to the daughter, and the consequent loss of her services; and no evidence was introduced to sustain that part of the declaration.

The defendant objected that no action could be sustained by the plaintiff, under the statute of this State, to recover damages for the loss of his wife's services, or the other causes alleged in his declaration.

The court overruled the objection, and the jury returned a verdict for the plaintiff for damages for the loss of the wife's services; and the defendant's counsel moved to set the same aside, and in arrest of judgment, for supposed error in the foregoing ruling of the court.

After the trial, the agent of the defendants filed an affidavit that since the trial he had been informed by one Raymond, that he knew certain facts, set forth in the affidavit, supposed to be material to the issue, and in regard to which the agent had sought, without being able to obtain, testimony before the trial. The affidavit also stated that the agent had learned, since the trial, that certain persons named by him were present at the time of the occurrence which was the foundation of the suit; but that he had not been able to see those persons, and to ascertain what they would testify.

A new trial was moved for by the defendant, on account of the facts disclosed in the affidavit.

It was ordered that the questions arising upon the motion be reserved for the consideration of this court.

*Vose,* for the defendant.

To the point that the action could not be maintained for injuries done to the wife, cited 20 Maine 246; *Farnum* v. *Concord,* 2 N. H. 392.

*Wheeler,* for the plaintiff.

GILCHRIST, C. J. The duty of towns, in this State, to build and keep in repair roads within their limits, has long been established. The most ancient provincial statutes on the subject seem rather to recognize than to create that

duty.    The statute of 5 Geo. I., ch. 98, sec. 6, Prov. Laws
155, adverts to the presentment at the sessions of the peace
as a known remedy against towns that have suffered de-
fects to exist in their highways.    That statute gives to
parties injured, and to the representatives of such as lose
their lives through such defects, certain remedies there
described.    An earlier statute, that of the 4th of the same
reign, Prov. Laws 63, and which is the earliest contained
in that volume on the subject, has for its object to provide
that the towns shall annually repair such highways, and
that the selectmen shall assess rates for that purpose.

The statute of February 27, 1786, repealing all laws before
enacted on the subject of highways, gives the remedy to
individuals injured through defects in highways, in nearly
the same phrase with the Revised Statutes, ch. 57.

The statute of June 17, 1807, prescribes the manner in
which fines shall be appropriated that may be imposed
upon towns for neglecting to repair their highways, but
no statute earlier than the Revised Statutes, ch. 53, ex-
pressly authorizes indictment or information, or any other
public proceeding against towns for such neglect.

These facts are adverted to as having a tendency to show
that, by immemorial custom, and independently of any
statute that has been preserved, the towns in this State
have been held liable to keep in repair the highways with-
in their limits, and that for neglect of that duty common
law remedies, both of a public and a private character,
have existed, and those of a public character, at least, put
in force from a very early period.

It was said, indeed, in *Farnum* v. *Concord*, 2 N. H. 293,
that no action lies at common law against towns for dam-
ages sustained through defects in highways.    But that
was said upon the authority of the cases there cited.
That of *Mower* v. *Leicester*, 9 Mass. 247, was decided upon
statutes of that commonwealth materially differing from
those of this State; and *Russell* v. *The Men of Devon,*

---
Wheeler *v.* Troy.
---

2 D. & E. 667, proceeded upon the ground that no action lies against a town unless given by a statute.

We are inclined, therefore, to the opinion that the general maxim of the common law, that he who is specially damaged by the breach of a duty on the part of another shall have his remedy by action, is properly applicable to the case of one who has received an injury through the neglect of a town to repair its roads. The case of *Whipple* v. *Walpole*, 10 N. H. 130, in deciding that exemplary damages might be given where there was gross neglect in such cases, proceeded upon this ground, and is an authority in point. The right of the party to recover in that case was not limited to the precise amount of damage done to his " team or carriage," but the ordinary legal consequences of gross neglect were held to attach to the delinquent town.

It remains, therefore, only to apply to the facts of the case before us that other well established principle, which enables the husband to sue for and recover damages for injuries done to the wife, by which he has been deprived of her society and services, and put to pains and expense in her cure. Com. Dig., *Baron & Feme*, W.

The conclusion therefore is, that the jury were correctly instructed, the objection of the defendant was not well founded, and that judgment should be rendered upon the verdict.

he motion for a new trial, founded upon the discovery of new or further evidence, cannot prevail. Not to mention other objections, the party has his right of review, for aught that appears, and does not require the extraordinary interposition of the court for which he asks.

*Judgment on the verdict.*