# GRAFTON,

## JANUARY TERM, A. D. 1858.

### Town of Groton v. Haines.

If the owner of land over which a highway is laid out have on the land an artificial water-course, used to convey water to his house, the road ought to be constructed and maintained with a culvert, or other suitable passage for the water-course, unless the difficulty and expense of providing such a passage would exceed the damage caused by stopping the water-course, and make it unreasonable to require the road to be so constructed and maintained.

If the owner of land and a water-course have the right to a culvert in a highway for the water-course, and the water-course is obstructed by neglect of the town to keep the culvert in repair, the owner, after due notice to the surveyor of the district, may himself open the culvert, doing no unnecessary injury to the road.

CASE. The declaration alleged that on the 28th of November, 1855, the defendant dug a ditch across a highway in Groton, which the town was bound to maintain, and with dirt, gravel and stones, so obstructed and blocked up the highway as to deprive the public of the free and common use of it. Plea, the general issue.

It appeared on trial that the highway in question was laid out by the selectmen of the town, July 3, 1841; that forty years ago or more the person under whom the defendant now claims had opened a ditch upon his land, extending from his dwelling-house across the place where the highway now is, to a brook, for the purpose of conveying water from the brook to his

Tow nof Groton *v.* Haines.

house and barn, for his own use, and that the water had, from that time to the present, generally run in this ditch, though at times it had not run, owing to the action of the freshets upon the brook, or other causes; but it did not appear that any one had intentionally stopped the water from running, or claimed the right to do so; that at the place where the highway was laid out there had been at some time a hollow log laid down, through which the water ran, and which remained there when the road was laid out, in 1841; that when the road was made the town took up the log and constructed a culvert in its place, by laying logs on either side of the culvert, and covering it with poles; that in 1851 the surveyor for that district rebuilt the culvert, laying the sides with stone, and covering it with plank, and that it remained in this condition till 1855. It appeared that the culvert was a little over a foot deep, and something more than two feet wide. Thus far there was no controversy as to the facts.

It also appeared, in evidence, that by passing over this culvert with loads, the planks that covered it had been broken in pieces, and that stones and dirt had been thrown upon that, and the whole had settled into the culvert, filling it nearly or quite full; that the highway surveyor of the district, having been called on to repair the road, put these stones and dirt over the culvert, so as to make it passable, about a week before the defendant cleared it out; that the defendant had called on the surveyor to clear out the culvert, so as to allow the water to run down to his house, and that the surveyor refused to do so: Whereupon the defendant, on the 25th of November, 1855, cleared out the culvert across the road, and turned the water from the brook into the ditch, and thus conveyed to his house, for his own use, leaving the culvert open. The defendant was in possession of all the land over which this ditch extended, except the rights of the public in the highway.

The plaintiffs introduced evidence tending to show that, in clearing out the culvert, the defendant threw the stones, dirt and rubbish upon either side of the culvert, into the traveled part of the highway, and left them there, and that the town were at

some expense to clear off the same. The defendant's testimony tended to prove that he threw all the stones, dirt, &c., as he removed it from the culvert, upon the lower side of the road, and entirely out of the traveled path, and that he did not, by this means, obstruct the highway at all.

It appeared that the surveyor of highways in that district had immediate notice that the culvert was opened, and left open by the defendant, and early on the next day informed the first selectman of the fact; and the selectman the same day called on the defendant to repair it, which he declined to do; that the selectman, on the day after he called on the defendant, covered the culvert with three new planks, each one foot wide and twelve feet long.

One Gibson testified that on the morning after the culvert was opened he came to the place with his team, and at first was unable to pass over it; but that he took the broken pieces of plank that laid by the side of the road, and laid them upon the culvert, and thus made a passage by which he got over and back with one load; that one Haines afterwards gave him some slabs, with which he repaired it, so that he got over with his loads that day. There was no testimony contradicting Gibson's statement.

The plaintiffs requested the court to instruct the jury —

1. That the public have the right of easement to a highway, which the defendant had no right to obstruct; and that he had no right to obstruct the public travel unreasonably, even if he had a right to take water across the same, and that digging open a culvert on Sunday morning, and leaving it open all day, Sunday and Monday, was such an unreasonable obstruction, and made the defendant liable in damages.

2. That the leaving of a highway, so dug open, and so obstructed as to prevent all travel, and a refusal to repair the same when called upon to do so, is such an unreasonable delay, and such a violation of law as to make him liable in damages.

3. That if the defendant had a right of water across the highway, at the laying out of the same, the town were not obliged to keep open the same for his use, and that he was liable for digging

Town of Groton *v.* Haines.

open the culvert and leaving it open, thus entirely obstructing the highway, without authority from the town.

4. That no person has such an individual right to a highway as to leave obstacles in the same, or dig open the same to deprive the public of its use, unless he use all diligent and continual daily effort to remove the same ; and that two days' such negligence is such as to make a person liable for the same.

5. That the defendant, if he had a right to dig open the culvert for the purpose of obtaining water, was bound to cover up the same, so as to make it passable, by furnishing new materials, if necessary, at the expense of the town.

6. That as the water was proved not at all times to run across the highway in the culvert, the town was not bound to keep the same open at all times, and consequently were not liable to repair the same, or to any damage for neglect of the same, to the defendant, without notice ; and that the defendant was liable for any manner of obstruction to said highway by opening the same, without special notice to the town that such culvert was obstructed, to his injury and right :

Which the court declined to do, and instructed the jury that, upon the admitted facts, the defendant had the right to clear out the culvert, so as to allow the water to run to his house, and in so doing it was his duty not to place any obstructions in the traveled path, and leave them there by the side of the culvert ; and that it was also his duty to leave the culvert in as good condition as he could, with the materials which he found there belonging to the town : That if they should find, upon the evidence, that the defendants threw the dirt and stones from the culvert into the traveled part, and left them there, so that the town were at any expense to remove them, their verdict might be for the plaintiffs ; and also, if they should find that the defendant did not leave the culvert in as good condition as he could reasonably have done, with such plank or pieces of plank as the town had there, and the town had in any way been damaged thereby, their verdict might be for the plaintiffs. But that if they should find that the defendant threw the dirt and stones,

taken from the culvert on the lower side of the road, entirely out of the traveled path, so as not in any way to obstruct the highway, or cause any expense to the town in their removal, and also that the defendant did leave the culvert in as good condition as he could with the materials of the town there at hand; if they found that the planks were so broken and decayed that the culvert would be as safe and as well left open as to be covered with them, and the town were put to no extra expense in any way in consequence of the defendant's acts, but were only obliged to do what it was their duty to have done, long before, then their verdict would be for the defendant.

To these rulings and instructions the plaintiffs excepted, and, the jury having returned a verdict for the defendant, moved to set the verdict aside.

*Herbert*, for the plaintiffs.

*Quincy*, for the defendant.

PERLEY, C. J. The case shows that when the road was laid out in 1841 the owner of the land had on it an artificial water-course, made and used to convey water to his house and barn ; that the road was laid out across the water-course, and a culvert constructed for the passage of the water, about two feet wide and a little over one foot deep ; that the culvert was reconstructed in 1851, and remained in a proper condition to convey the water until 1855, when it was allowed to go out of repair, and was choked by earth and other materials, falling in, so that the water could not pass ; that the defendant, then the owner of the land and water-course, called on the surveyor of the district to clear out the culvert, so as to allow the water to run down through it to his house, which the surveyor refused to do. The defendant thereupon cleaned out the culvert himself, and the evidence was conflicting as to the manner in which this was done.

The court instructed the jury, in substance, that upon the admitted facts of the case the defendant had the right to clean out the

culvert, doing no unnecessary damage to the road, and leaving it in as good condition as he could with the materials there belonging to the town.

Two grounds are taken by the plaintiff:

1. That the defendant had no right to a passage for his water-course, or, in other words, that the town had a right to stop the water-course, discontinue the culvert, and make a solid road-bed across the channel.

2. That, even if the defendant had a right to a culvert, and it was the duty of the town to provide and maintain one for him, he was bound, if he opened it himself, to put the road in order again, by furnishing new materials, if necessary, and would not be justified in opening it if it became obstructed by neglect of the town, though he did no unnecessary injury, and put the road in as good condition as he could with the old materials.

Neither of these positions, we think, can be maintained. When the road was laid out the owner of the land had an artificial water-course, to convey water to his buildings. His right of property in it was as complete and absolute as if it had been a natural stream; *Dunklee* v. *Wilton R. R.* 24 N. H. (4 Foster) 489 ; and the public by laying out the highway acquired no more right to interrupt the owner's use of it, than if it had been a natural stream of the same size and character, and used for the same purpose.

When the public take land against the owner's consent, for a highway, they take such an interest and such rights in the land as are necessary for the public use, and no more. The general property in the land, and every use and profit of it, consistent with the exercise of the public right, remain with the owner. The exercise of this right does not in ordinary cases require that a water-course, whether natural or artificial, over which the road is laid out, should be stopped by it. A proper construction of the road would require it to be built with suitable culverts and passages, to carry the water through or under it, unless a case should occur where the difficulty and expense of providing and maintaining the necessary passages for the water should so exceed

the damage done, by stopping the water-course, as to make it unreasonable to insist on the passage of the water ; and in such cases it would be understood that the land-owner had been compensated in the award of damages for the injury caused by stopping the water-course.   No such case is shown here, nor do the plaintiffs take any such ground.   The facts found show that it was perfectly easy to make and maintain a suitable culvert ; such a culvert was in fact maintained for fourteen years, and there was no change in the construction of the road, or in any of the circumstances, to increase the difficulty of maintaining the culvert.   The question whether a proper construction of the road would allow a water-course to be stopped, might in some cases be a question of fact, to be settled by the jury ; but here, we think, on the admitted facts, the court were bound to instruct the jury as they did in substance, that the defendant had a right to a suitable passage for his water-course through or under the road, and that if it had been submitted to the jury, and they had found otherwise, it would have been the duty of the court to set the verdict aside, on the ground that the jury must have acted under some gross misapprehension of the case.

The defendant, then, had a right to a suitable culvert, to convey the water in this water-course across the road, and it was the duty of the town, or the officers of the town, to provide and maintain it for him ; and when the culvert was filled up and stopped, by neglect of that duty, it was a nuisance, which caused the plaintiff a private and individual damage ; and, on general principles, he had a right to remove it himself, in a proper manner, doing no unnecessary damage.   No complaint is made that he proceeded without due notice.   He called on the surveyor to do his duty, which he neglected.

If he removed the nuisance, doing no unnecessary damage to the road, there is no principle upon which he could be required to furnish new materials for making the repairs, which ought to have been made by the town.   He neglected no duty and was guilty of no wrong ; and if the road was left out of repair it was

in consequence of the neglect of the town to maintain a proper culvert, and they must answer further on default.

The evidence as to the manner in which the obstructions were removed from the culvert, was conflicting, and was properly left to the jury.

*Judgment on the verdict.*