## HARDY *v.* KEENE.

Highway surveyors are public officers, whose duties are prescribed by law. In performing their official duties they are not agents of the town.

The repairing of highways is an act within the official duty of the sur-. veyor, and not an act of the town through the surveyor as its agent.

The liability of towns in respect of highways is created and defined by statute; and although they are liable (unless in exceptional cases) for the defective or insufficient condition of their highways, they are not liable by reason of the negligent conduct of a surveyor in the execution of his office; and it makes no difference, as to the rules to be applied in determining their liability, whether the defects arise from the neglect or fault of the surveyor, or from some other cause.

But a surveyor, by whom or under whose direction repairs may be made or work done upon or with reference to a highway, may be deemed the agent of the town to receive and charge the town with notice of an alleged defect, insufficiency, or want of repair existing under his special observation and superintendence. The fact that a defect, insufficiency, or want of repair of a highway existed through the fault of the surveyor who caused it, would be evidence from which the jury might find knowledge of its existence on the part of the town.

A derrick within or upon the margin of a highway, or derrick ropes extending over and across the highway, may be an obstruction, a defect, or an insufficiency of the highway, if the derrick or the ropes be insecurely or improperly placed or fastened.

The terms travel, traveller, and travelling have no technical, legal signification. Under proper instructions, it is for the jury to say whether a person receiving injury was "travelling upon the highway," within the meaning of the statute.

CASE, by Charles R. Hardy against the town of Keene. The second count in the declaration is as follows:

"And in a further plea of trespass on the case, for that on July 1, A. D. 1870, at said Keene, there was, and for a long time had been and still is, another certain public and common highway leading from Washington street, so called, in said Keene, to and past Woodland cemetery, so called, in said Keene, and said highway being known by the name of Beaver street; and the said plaintiff avers that the said town of Keene, during all the said time, was and still is bound by law to maintain and keep in good and sufficient repair, so that all persons having occasion to pass, might pass and repass safely to themselves, their horses, and carriages; and the plaintiff further avers, that the said defendants, at said Keene, on said July 1, A. D. 1870, last aforesaid, the said highway was not in good and sufficient repair, and that the defendants, well knowing the premises at Keene aforesaid in this,—that the servants of the said defendants had carelessly and negligently placed in and near said highway a derrick, to be used in the repair of said highway, and the said derrick was permitted to there remain and be used by the servants of the said defendants in an unsafe, insecure, and careless condition—unsafe and dangerous to pass; and the said plaintiff further avers, that on July 1, A. D. 1870, at said Keene, while he, the said plaintiff, was driving and travelling in a careful and prudent manner over and upon said highway, with a horse and wagon of the said plaintiff's, the plaintiff being in said wagon, and being drawn by said horse, the whole weight of said wagon being less than three tons, and by reason of the carelessness and negligence of the servants of the said town of Keene in permitting and suffering said derrick to be there placed and used while in said unsafe and dangerous condition, and while the said servants were then and there in the act of raising a stone with said derrick, by reason of the insufficiency of said derrick, and careless and heedless position in which it was placed, used, and fastened, the said derrick broke, gave way, and fell to the ground, striking the said plaintiff upon the head and body with great force, knocking him down and rendering him senseless, producing an injury to the brain and spinal marrow, thereby producing insanity and great bodily pain, and has greatly impaired the health of him, the said plaintiff,—all of which was by reason of the premises aforesaid, and without the fault or negligence of the said plaintiff, to wit, at said Keene."

It appeared that on the day of the accident hereafter mentioned, the plaintiff was engaged in hauling tan backwards and forwards a short distance on Beaver street,—a public highway in Keene,—and in that occupation passed and repassed a bridge across Beaver brook, in said street, with a horse and four-wheeled cart, the weight of which was less than three tons, several times during the day. On the morning of that day, the highway surveyor, for the purpose of repairing one of the stone abutments of said bridge, had erected a derrick near the north-east corner of the bridge, within the limits of the laid out high-

way on the northerly side. Said derrick was some twenty-five feet in height, having an arm or movable boom some twenty feet in length, and was secured in its position by four ropes attached to it at the top, and stretched nearly at right angles to each other to the ground, where they were fastened. Two of these ropes,—those extending in a south-westerly and south-easterly direction,—passed over the highway. The south-westerly rope was fastened at the lower end to a tree standing on the southerly side and a few feet from the highway, and so near that, in order to keep the rope up so as not to interfere with the usual travel on the street, a plank was placed under it, standing up endwise, at about the point where it crossed the line between the sidewalk and the travelled part of the road. The south-easterly rope was fastened at the lower end to a post set in the ground for that purpose, under the direction of the highway surveyor. The mode in which the other two ropes were secured at the bottom is not material to the questions in the case. After the derrick had been placed in this way, it was used in hoisting some stones, the size of which did not distinctly appear, and its fastenings did not prove to be sufficient for the strain so put upon them. About four o'clock in the afternoon, a larger stone, esti-mated to weigh a little less than two tons, was raised to be placed in the north corner of the bottom of the east abutment, and, while lower-ing it to its position, the post to which the south-east guy rope was fastened gave way by the yielding of the earth in which it was fixed, and the derrick went over in the opposite,—a north-westerly direction. By the fall of the derrick, the south-westerly rope, which was sup-ported by the plank, was carried northerly across and downward upon the travelled part of the highway, and in its descent struck the plain-tiff across the back of his head, throwing him from the cart on which he was sitting, and inflicted upon him a severe injury,—for which this suit is brought.

The plaintiff contended, and there was evidence tending to show, that there was negligence on the part of the highway surveyor, and those working under him, in the mode of setting the post that gave way ; that through his fault and carelessness in this respect the der-rick was not made reasonably safe and secure in its position,—and took these positions :

1. That the derrick having been so secured that it fell during the execution of the work for which it was erected, the guy placed across the street by which the plaintiff was injured was an obstruction or in-sufficiency in the highway for which the town would be liable, if, under all the circumstances, they were bound to have the derrick properly se-cured before the accident. 2. If that insufficiency existed by reason of the want of ordinary care, skill, and prudence in the surveyor and those working under him, that alone would be evidence from which the jury might find that the town were bound to have had the derrick prop-erly secured before the accident.

The court ruled that, if ordinary care was not used in erecting and securing the derrick in its position, considering the use to which it was

to be put, so that a man acquainted with such matters might reasonably have apprehended that it would fall upon being so used, and, by reason of its location over the road, endanger travellers passing thereon, it would constitute a defect or insufficiency, in point of fact, from the time of its erection ; but in such case it would not constitute a defect for which. the town would be liable under the statute, unless, by the exercise of due diligence, the authorities of the town might have known the danger and remedied the defect before the accident; in other words, unless the town ought to have remedied the defect before the accident occurred.   The court also ruled that the putting up and securing of the derrick was the act of the surveyor of highways and those acting under him while engaged in repairing the highway, and any negligence in performing that service would be the negligence of the surveyors.   Highway surveyor are public officers, whose duties are prescribed by law.   In performing their official duties they are not agents of the town.   The repairing of highways is an act within the official duty of highway surveyors.   Negligence of the highway surveyor is one thing, and negligence of the town is another.   The liability of towns in respect of highways is created and defined by statute. Towns are not made liable by statute for the negligent acts or conduct of highway surveyors in their office, but for the insufficiency, &c., of their highways.   If, through the negligence or fault of the surveyor, the highway is out of repair, insufficient, &c., the town are not liable unless the case comes within the law creating the liability of towns ; that is, the jury must be satisfied that there was negligence on the part of the town in not remedying the defect which exists by reason of the fault or neglect of the surveyor.   The liability of the town being, not for the negligence of the surveyor, but for defects in the highway, it makes no difference, as to the rules to be applied in determining their liability, whether the defects arise from neglect and fault of the surveyor, or from some other cause.   The obligation and the liability of the town remain the same as to defects, whether the surveyor performs his duty or not.

It appeared that no labor tax was committed to the surveyor, but he was permitted by the selectmen to repair the highways in his district; and the selectmen furnished him money of the town from time to time for that purpose, but did not undertake to control or. dictate him in its expenditure, or to interfere with his discharge of the duties of his office. There was evidence tending to show that, a short time before the accident, the plaintiff passed the bridge where the workmen were engaged preparing to raise the stone which caused the derrick to give way, going westerly with a load of tan, riding upon it ; that, after getting a short distance from the bridge, and when his horse's head was about opposite the plank which supported the north-west guy rope, he stopped to look back at the work which was going on, and that it was while he was so stopping that the accident occurred.

The defendants claimed that he was not using the highway in such manner that he would be entitled to recover for an injury resulting to

him, under those circumstances, from a defect in the highway. The court held that it was for the jury, under proper instructions, to say whether the plaintiff was, at the time, travelling upon the highway, within the meaning of the statute.

· All questions of law arising upon the foregoing case were reserved for the consideration of the whole court.

*Cushing*, for the plaintiff.

1. It is said in this case, by the defence, that the town are not liable because the obstruction complained of was created by the surveyor of highways, and existed through his negligence; that he is not the officer of the town, but a public officer, for whose negligence the town are not responsible,—and to this point the case of *Ball* v. *Winchester*, 32 N. H. 435, is cited.

The words of the statute are (Gen. Stats., chapter 69, sections 1 and 7),—" Towns are liable for damages happening to any person, his team or carriage, travelling upon a highway, or bridge thereon, by reason of any obstruction, defect, insufficiency, or want of repair, which renders it unsuitable for the travel thereon. The town shall have a remedy over against the surveyor of highways through whose fault or neglect any such damage happened." Now, these words seem sufficiently distinct. The first section is broad in its terms, and embraces any defect or obstruction, whether happening by the negligence of a surveyor, or otherwise. The seventh section gives the town a remedy over against the surveyor, if the injury happen or the damage be occasioned by his fault or neglect. The word " fault" is defined " an error, a mistake, an offence, trespass, or transgression." Richardson's Dictionary, Art. Fault. So that the statute embraces every wrongful act or neglect of the surveyor, by reason of which any damage may happen to any person travelling upon a highway, or to his team or carriage.

It is said, however, that by the construction of the statute the town are not liable unless they have been in fault; i. e., to the fault of the surveyor must be added the fault of the town;—or, in other words, towns can never be liable for damages happening through the fault of the surveyor. This construction leaves a very large class of cases of the utmost danger and importance, where, if the town provide an irresponsible surveyor, the suffering party can have no remedy.

If it be true that this consequence must follow from the construction of the statute adopted in the case of *Hubbard* v. *Concord*, it would be a very strong argument, *ab inconvenienti*, to show that that construction is wrong.

'We are, however, inclined to maintain that it is not necessary to add to the statute the words " in addition to the neglect of the town," so that section 7 will read " through whose fault or neglect, in addition to the neglect of the town, any such damage happened."

2. It is said that the plaintiff was not " travelling" on the highway,

because, his attention being attracted by the work going on upon the bridge, he had lingered a moment on the way. We apprehend that it would be a question of fact for the jury whether the plaintiff had so converted himself from a person "travelling" to an idle spectator, as to deprive himself of the protection of the law.

3. It is also attempted to be maintained that the cable so stretched across the road was not an obstruction until the moment when it gave way. To this point we cite the following cases: *Winship* v. *Enfield*, 42 N. H. 197; *Chamberlain* v. *Enfield*, 43 N. H. 356; *Bartlett* v. *Hooksett*, 48 N. H. 18.

*Wheeler & Faulkner*, for the defendants.

1. The ruling of the court was fully as favorable to the plaintiff as the well settled law of this State would warrant.

That ruling, as we understand it, was, in effect, that, if the jury should find the highway to be defective from the causes named, it would be necessary, before it could find the town liable, to find that the town were in fault for not having remedied the defect before the accident. The plaintiff claimed that, the defect or insufficiency being produced by the act of the highway surveyor, the town were absolutely liable, without other notice of the defect or opportunity to remedy it. The court ruled that the town were bound to exercise the same diligence in discovering and remedying defects or insufficiencies produced in a highway by the action of a highway surveyor, that they were in regard to any other defects or insufficiencies.

The plaintiff claimed that the defect or insufficiency, being produced by the act of the highway surveyor, affected the town with notice of the defect, and rendered them liable for not immediately remedying it, or, at least, before any accident could occur. Upon what ground such claim could be based we are unable to imagine, unless it be upon the ground that a highway surveyor is agent of the town, in charge of the highways in his district; that consequently his acts are the acts of the town; and that any defects produced by his action are defects produced by the action of the town, of which through him they have notice as soon as they occur, and which they are bound to remedy as soon as produced. But this ground is not tenable. That the highway surveyor is not the agent or servant of the town in making repairs upon highways, but is a public officer, charged with public duties, deriving his authority, not from the town, but from statute law, and, in the exercise of his official duties, not subject to the direction or control of the town or their officers, has been the recognized law of this State ever since the decision in *Ball* v. *Winchester*, 32 N. H. 435. If the highway surveyor is not the agent or servant of the town, then the liability of the town for defects in highways produced by his action must be precisely the same as for defects produced by the action of any other person or in any other way; and what that liability is, is settled by numerous decisions in this State,—among which are *Howe* v. *Plainfield*, 41 N. H. 135;

*Johnson* v. *Haverhill*, 35 N. H. 74; *Palmer* v. *Portsmouth*, 43 N. H. 268.

The town are only liable, if, under all the circumstances, they were reasonably bound to have remedied the defect before the accident occurred. The broad language of sec. 1, ch. 69, has been limited by the construction of our courts to mean that towns are liable only for such damages as happen by reason of defects for not remedying which they have been guilty of neglect : and it is for such damages that they may recover over of the surveyor, of whose fault or neglect the injury is the immediate consequence. There may be cases when the town may be liable and the surveyor not, and *vice versa.* The plaintiff would have the statute read,—" Towns are liable, &c., &c., where, under the circumstances, they were reasonably bound to have remedied the defect before the accident happened ; but in case the surveyor's fault or neglect was the immediate cause of the injury, the town shall be liable without evidence of neglect on their part, and shall have a remedy over against the surveyor." The injustice which such a construction would work is apparent, when we consider that the surveyor is in no sense subject to the control of the town thus made liable for his fault or neglect.

2. The facts stated disclose no obstruction, defect, insufficiency, or want of repair of the highway, within the meaning of the statute. *Barber* v. *Roxbury*, 11 Allen 318; *Rowell* v. *Lowell*, 7 Gray 100 ; *Shepherd* v. *Chelsea*, 4 Allen 113 ; *Hixon* v. *Lowell*, 13 Gray 59 ; *Ray* v. *Manchester*, 46 N. H. 59.

The derrick, secured and fastened as it was, was not a thing which endangered travel upon the highway : *it was its improper use at the very moment of the accident ;*—and it is settled in this State, that " nothing is an obstruction which the town were not bound to have removed at the time of the accident." *Hubbard* v. *Concord*, 35 N. H. 68 ; *Palmer* v. *Portsmouth*, 43 N. H. 265 ; *Ray* v. *Winchester, supra.*

3. It was undoubtedly the province of the jury, " under proper instructions from the court," to say whether the plaintiff was "travelling" upon the highway at the time of the accident; but it was for the court, in their proper instructions, to give construction to the term travelling ; and the defendants claimed that, if, as the evidence tended to show, the plaintiff stopped in the highway for the sole purpose of seeing the operation of laying the large stone by means of the derrick, and remained there from five to ten minutes, he was not a traveller within the meaning of the statute,—and the jury should have been so instructed. *Stinson* v. *Gardner*, 32 Me. 248; *Blodgett* v. *Boston*, 8 Allen 237 ; *Stickney* v. *Salem*, 3 Allen 374 ; Shearman & Redfield on Negligence, sec. 409.

FOSTER, J. The question, whether the plaintiff was travelling upon the highway at the time of the accident, was a question of fact, properly submitted to the jury. We can see no element of law involved in it. The question was, whether the plaintiff was properly using the highway as a traveller.

The terms travel, traveller, and travelling have no technical meaning. A person who should abandon and forego his purpose of using the highway for the purposes for which highways are constructed, namely, for travel thereon, and should undertake to use the highway as a convenient stand-point for the observation of a passing procession, or an adjacent exhibition or performance of any kind, would not be a traveller "travelling upon the highway," within the meaning of the statute ; but a person who, in the ordinary course of travel, should pause and remain stationary upon the road, by reason of his attention being temporarily distracted, might or might not be deemed a traveller, and as such using the highway, according to the finding of the jury as to the character and length of time of the cessation of actual progress, and whether the delay were independent of the journey and intentional, or merely incidental and casual: with regard to all which circumstances the intention of the party would be a proper subject of inquiry.

The whole matter, under such instructions as the peculiar evidence in the case may seem to require, is clearly within the exclusive province of the jury.

The statute imposes a liability upon the town for damages arising from any obstruction, defect, insufficiency, or want of repair of the highway, which renders it unsuitable for the travel passing thereon ; and if in such case damage to a traveller happens through the fault of a highway surveyor, the remedy over against him is secured by the law.  Gen. Stats., ch. 69, secs. 1, 7.

But the liability of the town is a matter entirely independent of the question of subsequent indemnification.  It would manifestly be an unjust and unwise policy which should impose upon the innocent injured traveller the duty of searching out the remote author of the defect or insufficiency, who might be wholly irresponsible, pecuniarily, and resorting to him alone for redress.  Such was never the intention of the law-makers.

Highway surveyors, it has been holden, are not the agents of the town.  They are public officers, whose duties are prescribed by law. Their authority is not derived from the town, but from the statute. They are not under the control of the town.  Their powers cannot be enlarged or abridged by any action of the town, and what they do or omit to do, in the proper exercise of their authority, is done or omitted because the law enjoins and prescribes their duties, independent entirely of municipal control or authority.  *Ball* v. *Winchester*, 32 N. H. 435.  The act of repairing highways is an act within the line of their official duty ; and for any negligence in the performance of that duty, whereby the highway is rendered unsafe and dangerous, and by reason of which damage is sustained, they are remotely liable.

This remote obligation does not, however, relieve the town from its primary liability.  Because a careless or improper act upon the highway, amounting to an obstruction, defect, or dangerous condition of it, is the official, independent act of the surveyor, it is none the less, for that reason, a defective and insufficient condition of the road.

An embankment or a ditch, made during repairs of the road by a surveyor, may be an obstruction and defect, and may be dangerous; and for such an obstruction or defect the town is primarily liable. So, also, a derrick, within or upon the margin of a highway, or derrick ropes extending over and across the highway, may be an obstruction, a defect, or an insufficiency of a highway, if the ropes or the derrick be insecurely or improperly placed or fastened.

In this case, the question of the liability of the surveyor over to the town is one with which the prudent traveller has nothing to do. He is entitled to protection from the town, whose duty is to provide for him a highway, reasonably safe and reasonably free from every obstruction or defect which may endanger its ordinary and proper use.

The law looks not to the cause of the defect, or the remedies over which the town may have. *Frost* v. *Portland*, 11 Me. 271; *Palmer* v. *Portsmouth*, before cited.

A question for the jury in this case will be, Did this derrick or its appurtenances, as placed and fastened upon or over the highway, constitute a defect or dangerous condition of the way? The settlement of this question depends upon the evidence as to the manner of its location and fastening.

The derrick and the guy ropes, as originally placed in the margin of the road, may or may not have constituted a defect. They would not, if securely and properly fixed and adjusted: if insecurely and improperly and unsafely placed and fastened there, they would. The fact cannot be determined as a question of law.

The falling of one of the guy ropes was an accident, attributable, it may be, to the culpable negligence of the surveyor;—whether it became an obstruction or a defect of the highway only when it fell, or whether, from its improper and unsafe condition, it was a defect from the time of its erection, are questions of great importance for the consideration of the jury: because, whether the defect was caused by the negligence of the surveyor or not, the liability of the town depends upon the further questions, whether, under the circumstances, the town were in fault; whether they had or should have had notice of the defect; and whether they had a reasonable opportunity to remove it.

If the town had no notice or means of notice, and could not by any possibility have removed the defect before the accident; if the falling of the guy ropes alone occasioned the injury, which, by reason of no apparent fault, seemed to be securely and properly fastened, and so the defect, obstruction, accident, and injury were simultaneous, the town would not be liable.

If the derrick and ropes were insecurely placed and fastened, and the town, having notice and a reasonable opportunity to repair the defect before the accident occurred, were therefore in fault for not doing so, the town would be liable.

The case is governed by the principles applied in *Hubbard* v. *Concord*, 35 N. H. 52, *Johnson* v. *Haverhill*, 35 N. H. 74, *Hall* v. *Manchester*, 40 N. H. 410, *Clark* v. *Barrington*, 41 N. H. 44, *Howe* v.

*Plainfield*, 41 N. H. 135, *Palmer* v. *Portsmouth*, 43 N. H. 265, and *Ray* v. *Manchester*, 46 N. H. 59,—with which decisions in this respect we are entirely satisfied, by the authority of which we are bound, and the wisdom and justice of which are manifested by their application to the present case.

In *Hubbard* v. *Concord* the principle applied was, that, if the defect was caused by the recent action of natural causes, the town were not liable, unless, under the circumstances of the case, they ought to have repaired the defect before the accident happened, and had reasonable opportunity to do so.

And in *Johnson* v. *Haverhill*, and most if not all the other cases above cited, the same principle was applied in the case of defects caused by human agency, whether with or without fault, provided the fault of the immediate agent was one for which blame could not be imputed, either to the plaintiff or the defendant.

But, although the surveyor cannot be regarded as the agent of the town for the purpose of imposing upon the town a liability on account of his negligence, for many other purposes he may be deemed the agent of the town, as, for example, to purchase material, if necessary, to repair the highways.

So, also, he may be the town's agent, so to speak, to charge them with notice of a defect in the highway. Defects and obstructions are supposed to be peculiarly under the observation of the surveyor;—especially was it so in the present case. If this derrick and appurtenances were improperly and insecurely placed and fastened, through the carelessness or fault of the surveyor, he who placed them thus knew of the defect; and if he knew it, it would be evidence from which the jury might find that the town knew it.

In this aspect, therefore, the actual condition of the derrick and ropes when placed in position, and long before the accident occurred, will be a                          *Material question for the jury.*