## PARKER & a. v. NASHUA.

It is not a defence to an action against a town for damages to land from an overflow of water occasioned by the negligent management of an adjacent highway, that the water was prevented from escaping from the land as quickly as it otherwise would by reason of an embankment made by the owner of the land for a walk.

CASE, for negligently permitting a gutter and culvert connected with a public highway to become obstructed, whereby water was thrown back upon and damaged the plaintiffs' land and dwelling-house. The culvert was within the limits of a railroad at a high-way crossing, and was constructed and managed by the railroad. Before the overflow complained of, the defendants had reconstructed a sidewalk and raised the grade next the plaintiffs' land, with their consent, and they had added to it a concrete surface. The em-bankment made by the walk, to some extent, prevented the escape of the water from the plaintiffs' premises.

The court instructed the jury that the plaintiffs could not re-cover in this action for any damage occasioned by the reconstruc-tion of the sidewalk, nor any arising from surface water not com-ing from the obstructed gutter. But if water was cast upon the plaintiffs' land from the gutter, by reason of the culvert's being ob-structed through the want of care and negligent management of the defendants, the plaintiffs could recover any damage from such over-flow, and a recovery would not be prevented because the water was retained upon the premises longer than it otherwise would have been but for the embankment raised in constructing the sidewalk. The defendants excepted to the instructions. The plaintiffs had a verdict, which the defendants moved to set aside and for a new trial.

*Sawyer & Sawyer, Jr.*, with whom was *Stevens*, for the defendants.

*Hoitt* and *Burns*, for the plaintiffs.

ALLEN, J. The defendants were liable for any damage to the plaintiffs' land arising from negligence in failing to suitably main-tain and manage its streets. *Gilman* v. *Laconia*, 55 N. H. 130. And it made no difference that the obstructed culvert was within the limits of a railroad crossing and under the care of the railroad. *State* v. *Dover*, 46 N. H. 452; *Sides* v. *Portsmouth, ante, p.* 24.

The instructions to the jury excepted to by the defendants were, in effect, that the plaintiffs could recover damages occasioned by the choking up of the culvert, but not damages arising from the reconstruction of the sidewalk, and that the plaintiffs' assistance in making the sidewalk was not contributory negligence. The in-structions were only a statement of the law, that the defendants were liable to a land-owner for damages to his premises by water thrown upon them through their negligence in managing an adjacent highway, and for no other cause in the case. There was no ques-tion of contributory negligence. It was the right of the plaintiffs to usefully and beneficially enjoy their land. For that purpose they could erect buildings, excavate a cellar or a well, and con-struct suitable walks; and though any of these might, to a greater or less extent, and for a longer or shorter time, prevent water

wrongfully thrown upon the land from escaping, the plaintiffs could not, on that account, be deprived of their remedy. They could not, for the express purpose of retaining the water, nor by acts from which such a purpose could be inferred, erect a dam or other structure, and then be heard to complain. Nor could they be deprived of the beneficial enjoyment of their land through any anticipation of the defendants' negligence. The construction of a sidewalk for purposes of travel did not impose upon them any duty greater than would have been imposed by building a like structure on their land wholly outside the highway, nor was their right to recover lessened by it. For damages arising from their own acts, or from any other cause than that complained of, the plaintiffs in this action could not recover. For the injury, which was the natural consequence of the defendants' neglect of duty, they were entitled to compensation. The question of contributory negligence did not apply, and the instructions were sufficiently favorable to the defendants.

*Judgment on the verdict.*

FOSTER, J., did not sit; the others concurred.