## BARTLETT *v.* BRISTOL.

An action cannot be maintained against a town for the damage occasioned an adjoining estate, where, in repairing a highway by authority of the town, the grade of the highway is raised or lowered; but the landowner's remedy is an assessment of damages upon application to the selectmen, under Gen. Laws, *c.* 72, *s.* 20.

CASE. Facts found by a referee. The plaintiff owns a tract of land containing about an acre and a half, in the village of Bristol, bounded on the west by High street. The injury to the land complained of, and for which suit is brought, is caused by the flow upon it of surface-water from a section of High street and the land drained by it. The slope of the land in that section is toward the east, and west of High street and opposite the plaintiff's premises the land rises quite abruptly. The high land west of the street is full of springs, and the ditches and culverts on that street contain running water during most of the year. There are two cul-

verts in the street opposite the plaintiff's land, one near the upper or south end of the land, and one at about the middle of the land. The contour of the land in that section is such, that, if no street had been cut through, the water would naturally have drained off across the plaintiff's land, and did so until the grade of High street was lowered some eighteen years ago; but naturally it would have drained off all along the west side of the plaintiff's land, doing little or no damage, while now, and for some years prior to the bringing of this suit, all the surface-water in the section above described is gathered together by the peculiar construction of said street and its ditches, and turned in a body upon the plaintiff's land. Since High street was lowered as aforesaid, its drainage, if left to itself, would run down in the ditch beside the street, and would not enter the plaintiff's premises at all. In order to prevent this, the highway surveyors and selectmen of the town of Bristol have constructed large bars of stone and earth immediately below the culverts, and running from the edge of the travelled part of the street across the ditch to the plaintiff's land, and have excavated ditches on the plaintiff's land so that the water could not run down beside the street, but was forced to run off across said land. Little, if any, damage has been done to the plaintiff's premises opposite the upper culvert; but at the lower culvert, the water, taking a diagonal course across the plaintiff's field, not in any well defined channel, but percolating through the ground, makes a kind of swamp of nearly a fourth of the land aforesaid. In times of high water, large quantities of sand and gravel are at this point carried upon the plaintiff's field, and damage is caused thereby. The object of the selectmen in turning the water upon the plaintiff's field is to prevent the washing of the road-bed of the street; but they could, without subjecting the town to unreasonable expense, put in a culvert, which would carry all the water off without damage to the street or to any landowner.

*D. Barnard* and *K. E. Dearborn*, for the plaintiff.

*Fling & Chase*, for the defendants.

BINGHAM, J.  If the plaintiff can maintain this action, it is because the defendants have done damage to the plaintiff's land by their fault and negligence in not building and maintaining the highway in a reasonably suitable and proper manner.

The damages awarded on the laying out of a highway are such as the landowner suffers from its construction in a reasonable and proper manner. The recovery of these damages being provided for by statute, it is not claimed that an action at common law lies for their recovery; but it is said that an action may be maintained for an unreasonable and improper construction of the way, because nothing was awarded or paid for such construction. To this claim

the defendants raise the preliminary question that the statute provides a remedy for the alleged injury.

It appears that when High street was first constructed, and until the grade was lowered, the water drained naturally across the plaintiff's land, doing little or no damage; but since the lowering of the grade the surface-water is gathered, by the construction of the street, ditches, and bars, and turned in a body over the plaintiff's land, doing damage. Gen. Laws, *c.* 72, *s.* 20, provides that if in repairing a highway by the authority of the town the grade is raised or lowered, or a ditch made beside it, and damage is occasioned to an adjoining estate, the selectmen may, on application, notice, and a hearing, assess the damages, and file the same with their doings with the town-clerk; and if the owner is aggrieved, he may file his petition within thirty days in the supreme court for an assessment or increase of the damages, and such proceedings may be had as in case of damages in laying out a highway. G. L., *c.* 72, *s.* 21.

No good reason appears why the plaintiff has not a complete remedy, in this case, under the provisions of the statute; and if she has, it is not seriously contended that she has a remedy at common law. The evident purpose of the legislature in enacting the statute was to give a party injured the same remedy for the assessment of these damages, in substance, as is provided by statute on an original laying out. *Gilman* v. *Laconia,* 55 N. H. 130, 131; *Waldron* v. *Berry,* 51 N. H. 136.

The supreme court not having original jurisdiction (G. L., *c.* 72, *ss.* 20, 21), this suit is not open to the necessary amendment, and there must be, for this reason,

*Judgment for the defendants.*


CARPENTER, J., did not sit: the others concurred.