Merrimack, ⎰
June, 1899. ⎱

## HINCKLEY *v.* FRANKLIN.

Under P. S., c. 73, s. 24, an abutting landowner is entitled to compensation for damages caused by a change of the grade of any part of the highway; and the fact that the change was only of parts theretofore unwrought is no defence.

Upon an appeal in such proceeding, the owner will not be heard as to claims not presented below; and what was so presented may be shown by evidence outside the record, if the petition is general.

PETITION, for assessment of damages arising from a change in the grade of a highway. Facts found by the court. In constructing a sidewalk in the highway opposite the plaintiff's land, in the year 1895, the surface of the ground between her line and the traveled part of the highway (a space about six feet wide) was lowered from one to six feet to a grade about ten or twelve inches above that of the traveled part of the highway.

The plaintiff made an application in writing to the city council of Franklin, August 30, 1895, setting forth that in repairing the highway in question the grade was lowered, whereby she was damaged, and requesting them to view the premises and assess "the damages occasioned to her by the altering of said grade." The application did not state the time when the change was made, nor specify the particulars thereof. The plaintiff now alleges that changes in the grade were made to her injury in the years 1891 to 1895, and seeks to recover in this action the damages resulting from all these changes. The defendants say that a claim extending over such a period cannot be considered, because the plaintiff, in her application to the city council, claimed damages only for the changes that were made in the year 1895, and they offer to prove this allegation by oral testimony.

*Sargent & Niles*, for the plaintiff.

*Edward G. Leach*, for the defendants.

PEASLEE, J.   Does the statute providing for compensation to abutters, for damages caused by a change in the grade of a highway, apply to changes in that portion which was theretofore unwrought and unused for travel?

Much stress is laid upon the technical meaning of the word "grade"; and it is argued that there can be no change of grade until the way has been reduced from its naturally uneven condition to one of fairly uniform rise and fall; that an unwrought way is ungraded, and that the grade cannot be changed until it exists.   Cases are to be found wherein this construction has been applied to statutes as to changes of grade; but it is not necessary to consider them here, for the precise and technical meaning of this word is not an essential part of our statute. The original act applied to "any alteration in any street or highway" . . . caused "by raising or lowering the same."   Laws 1848, c. 725, s. 1.   In the revision of 1867, the language now in use was first adopted, but the change was understood to be one of form and not of substance.   Com'rs' Rep., G. S., c. 67, s. 18; G. S., c. 66, s. 20; P. S., c. 73, s. 24.

The question is, whether such a change as was here made was an alteration, within the meaning of the statute.   The object of the act appears to be to compensate the landowner for changes made in the surface of the land after the highway has been built.   The compensation originally paid him for the taking of land for the road was computed upon the basis that the road would be built in a manner suited to the then existing circumstances.   *Rowe* v. *Addison*, 34 N. H. 306, 312, 313.   It was the duty of the town to so build the road, and it must be presumed, certainly as against the town itself, that it did so.   The road as built being what the circumstances called for, was what was considered in the original award of damages.   Before 1848, if the circumstances changed so that more grading must be done, or further alterations in the surface must be made, the landowner was without remedy.   *Benden* v. *Nashua*, 17 N. H. 477, and cases cited.   It was presumably because of this rule that the act of 1848 was passed.   *Waldron* v. *Berry*, 51 N. H. 136, 143, 144.   When the town built the road and left the portion now used for a sidewalk in its natural condition, it established, as against itself, what was the proper construction there.   This the landowner could rely upon, and, if changes were subsequently made, she was entitled to compensation.   *Cambridge* v. *Commissioners*, 125 Mass. 529.   It is no answer to say that, when the road was built, the town might have done what it has now done,

without further compensating the landowner. This argument·
would defeat every claim under the act. Nor does the right to
recover depend upon improvements made ·by the landowner.
If the change injures his natural field, he is entitled to compen-
sation. *Bartlett* v. *Bristol*, 66 N. H. 420.

Must the change be of the whole width of the highway, or
the whole of the part theretofore wrought, or is a substantial
change of any part sufficient? Sidewalks are parts of highways
concerning which grades may be established which differ from
that of the portion used for teams. P. S., *c. 50, s.* 10, *par.* XIV.
The same section of a highway may have different grades, one
for the street proper and another for the sidewalk. That a
change in either would be within the provisions of the act of
1848 cannot be doubted. It is therefore immaterial, except as
to the extent of the injury, that the grade of the street outside
the sidewalk has not been altered.

The cases ·which hold that work done upon manifestly un-·
finished streets cannot be considered as changes, have no appli-
cation here, as we understand the facts in this case. The work
of constructing a sidewalk along an ancient highway cannot
be considered a part of the original building of the road.

The petition to the city council was sufficient. Under· it the
plaintiff might have proved all damages caused by alterations
made before it was filed. *Sawyer* v. *Keene*, 47 N. H. 173. Act-
ing under this petition, the plaintiff presented only a part of her
claim to the city council, and now seeks to be heard as to the
whole, upon appeal. The petition being only a general state-
ment, the city council could not know what was intended to be
included, except by the statements of the plaintiff. The case is
not unlike that of a writ containing the common counts,— the
claim being made definite by a specification.

The provision of the statute, that the city council shall give
notice to and hear the petitioner, requires him to make his
claim there. There is no authority given to assess damages
except upon a hearing. The claim must be presented to the
lower tribunal before an appeal can be taken. Until that tri-
bunal has acted, or has failed to act when properly applied to,
there is nothing to appeal from, and the appellate court has no
jurisdiction. The plaintiff cannot be aggrieved by the failure to
allow a claim which she did not present for allowance. If this
rule applies to the claim as a whole, it must apply to separate
and distinct items which are litigated in one proceeding. *Rich*
v. *Eldredge*, 42 N. H. 246. The damages claimed for the changes
made in the years before 1895 were distinct items which should
have been presented to the city council. As this was not done,
there has been no action upon them by the inferior tribunal.
As to them, there was nothing to appeal from; and this court,

having no original jurisdiction of the matter, cannot entertain the appeal.

The petition being general, it may be shown by evidence outside the record what issues were presented for determination thereunder. *Hearn* v. *Railroad*, 67 N. H. 320, 322, and cases cited; *Burns* v. *Burns*, 68 N. H. 33.

*Case discharged.*

CHASE and PARSONS, JJ., did not sit: the others concurred.