Belknap, }
Jan. 4, 1916. }

## Idella M. Locke, *Ex'x,* *v.* Laconia.

A landowner's application to selectmen, under P. S., c. 73, s. 24, for an assessment of damages caused by a change in the grade of a highway is a personal action within the meaning of the statute of limitations. (P. S., c. 217, s. 3.)

A landowner's right or cause of action under P. S., c. 73, s. 24, for an assessment of damages occasioned by a change in the grade of a highway, is complete when the change is made; and the statute of limitations begins to run from that time and is not postponed until application is made for an assessment of the damages.

Selectmen when acting upon such an application, perform judicial functions and duties.

PETITION, for the assessment of damages caused by a change of grade of a street in the city of Laconia. Facts agreed, and case transferred from the November term 1914 of the superior court by *Pike,* C. J., without a ruling. The material facts are stated in the opinion.

*Walter S. Peaslee* and *Shannon & Tilton* (*Mr. Peaslee* orally), for the plaintiff.

*Charles B. Hibbard* and *Fletcher Hale,* city solicitor (*Mr. Hale* orally), for the defendant.

WALKER, J. The plaintiff claims damages of the city of Laconia for injuries to the land of her testator, Simon A. Beard, occasioned by changes in the grade of North street, which caused the water accumulating in the street to flow over and upon the premises in question. The alterations in the grade of the street, complained of, which were made since 1893, caused the water to flow upon Beard's land since 1895. The question presented for decision by the agreement of the parties is whether the statute of limitations, which is insisted upon by the defendant, is a bar to this proceeding. The statute referred to provides that, "Actions of trespass to the person and actions for defamatory words may be brought within two years, and all other personal actions within six years after the cause of action accrued, and not afterward." P. S., c. 217, s. 3. It is elementary that the statute begins to run from the time the cause of action accrued in the case of a personal action, *Newell* v. *Clark,* 73 N. H. 289, 291. If therefore this proceeding is a personal action

within the meaning of the statute and the cause of action accrued more than six years before it was commenced, it is barred by the statutory limitation.

It seems to be conceded that the changes of the grade of North street near Beard's land were made previous to 1895, while the first step of the plaintiff toward seeking redress was not taken until 1912, and the case has been considered upon this assumption. January 20, 1912, Beard made an application in writing to the city council for an assessment of the damage he had sustained in consequence of the change of grade. This action was taken under *s.* 24, *c.* 73, P. S., which provides that, "If in repairing a highway by the authority of the town the grade is raised or lowered, or a ditch made at the side thereof, whereby damage is occasioned to any estate adjoining, the selectmen, on application in writing of the owner, shall, on notice to and hearing of the applicant, view the premises and assess the damages, and, within thirty days after the application, file the same, with their doings thereon, in the office of the town clerk for record." The next section provides that, "If the owner is aggrieved by the assessment, or if the selectmen neglect to file the same within thirty days as aforesaid, he may petition the supreme [superior] court for an assessment or increase of the damages; and like proceedings shall be had thereon as in case of laying out a highway." The city council, having the power of the selectmen of towns in this respect, neglected to assess the plaintiff's damages or to file a report of the same with the city clerk, and Beard having died in May, 1912, this petition to the superior court was brought by his executrix in October, 1912, under the section of the statute last quoted.

It is argued by the plaintiff that no cause of action accrued to her testator until he made an application to the city council for an assessment. This argument is based upon the proposition that the application is in the nature of a demand, which it is necessary to make before a cause of action can accrue. But an examination of the statutes relating to this subject shows that the legislature intended that the cause of action should be deemed to be complete when the change of grade was made, which produced the damage.

The original statute giving a remedy for injuries to a landowner caused by a change of grade of a highway was passed in 1848. Laws 1848, *c.* 725, *ss.* 1, 2, 3. Section 1 is as follows: "That where the selectmen of any town in this state, or any surveyor of highways appointed by them, or by said town, or any person acting under

them, shall make, or cause to be made, any alteration in any street or highway in such town, by raising or lowering the same, or making a ditch on the side thereof, whereby any dwelling house or other building, or any land adjoining, may be injured, the town shall be liable to pay the damages occasioned by such alteration." Section 2 authorizes the owner to apply to the selectmen for an assessment of the damage, and section 3 provides for a petition to the court of common pleas by the landowner if he is aggrieved by the action of the selectmen. These provisions were undoubtedly passed in consequence of the decision rendered three years before in *Benden* v. *Nashua*, 17 N. H. 477 (see *Waldron* v. *Berry*, 51 N. H. 136, 143; *Eaton* v. *Railroad*, 51 N. H. 504, 533) to the effect that in such cases the landowner has no remedy. This holding was approved in *Towle* v. *Railroad*, 17 N. H. 519, 523. The effect of section 1 was to make the town liable when before it had not been. And the liability imposed was unconditional and arose when damage was done to adjoining land by a change of grade in the highway from what was established in the original lay-out. "Before 1848, if the circumstances changed so that more grading must be done, or further alterations in the surface must be made, the landowner was without remedy. *Benden* v. *Nashua*, 17 N. H. 477. It was presumably because of this rule that the act of 1848 was passed." *Hinckley* v. *Franklin*, 69 N. H. 614, 615.

In the revision of 1867 there was some change of language from that of the original statute, made necessary by condensation, and this is the language of the statute now in force. That no change, other than a verbal one, was intended is apparent. *Hinckley* v. *Franklin, supra.* It was intended in the condensation to make the town liable when damage ensued from a change of grade in the same way and to the same extent that it existed under the statute of 1848. The provision that the selectmen shall assess the damage on application of the landowner constituted a distinct section by itself in the act of 1848, which was incorporated in the revision of 1867 with the first section of the original act which established the liability of towns in such cases. The commissioners in reporting the revision did not understand they were advising a change in the liability of towns, making it dependent upon a demand by the landowner, for they marked the section in question by the letter "s," indicating a change in language but not in the force and effect of the sections condensed. Com'rs' Rep. G. S., *c.* 67, *s.* 18. As the language used does not necessarily imply a change in the meaning,

the evident purpose of the legislature as announced in 1848 is its purpose and intent in the subsequent revisions.   Whether in cases of this character the landowner had a remedy at common law (see *Eaton* v. *Railroad,* 51 N. H. 504; *Gilman* v. *Laconia,* 55 N. H. 130) or whether the cause of action was first established by the statute (*Benden* v. *Nashua, supra*), it is reasonably clear that his right accrues when the damage is done.   (*Hodgman* v. *Concord,* 69 N. H. 349), and that his exclusive remedy is under the statute.   *Bartlett* v. *Bristol,* 66 N. H. 420.

The application to the selectmen for an assessment of damages is not a limitation or condition upon which the town's liability depends; it is not an element involved in the definition of liability. Its liability may exist even if no steps are taken to enforce it, as its liability for a tort at common law may exist though no suit is brought.   The application provided for by the statute relates to the method of procedure established by the legislature in the cases contemplated by the statute.   It constitutes a necessary part of the landowner's statutory remedy.   The selectmen acting under such an application perform judicial functions as much as they do upon an application for the abatement of taxes (P. S., *c.* 59, *ss.* 10, 13; *Melvin* v. *Weare,* 56 N. H. 436, 439; *Boody* v. *Watson,* 64 N. H. 162) or as fence viewers do upon an "application" to them under P. S., *c.* 143, *s.* 13, *Sanborn* v. *Fellows,* 22 N. H. 473.   They are required upon application to them to give the applicant an opportunity to be heard, and to "view the premises and assess the damages."   P. S., *c.* 73, *s.* 24.   They are required to perform judicial duties.   "It is not necessary that a magistrate or board should act formally as a court, or that they should be usually so denominated or considered.   If they are bound to notify, and hear the parties, and can only decide after weighing and considering such evidence and arguments, as the parties choose to lay before them, their action is judicial."   *Sanborn* v. *Fellows, supra,* 488, 489.   Other cases supporting and affirming this proposition are: *Huse* v. *Grimes,* 2 N. H. 208, 212; *Roberts* v. *Peavey,* 27 N. H. 477, 491; *Sawyer* v. *Keene,* 47 N. H. 173; *Salisbury* v. *County,* 59 N. H. 359; *Pittsfield* v. *Exeter,* 69 N. H. 336; *Cate* v. *Martin,* 69 N. H. 610; *State* v. *Corron,* 73 N. H. 434, 455; *Sargent* v. *Little,* 72 N. H. 555; *Sheehan* v. *Mayor,* 74 N. H. 445; *Rollins* v. *Connor,* 74 N. H. 456; *Dinsmore* v. *Mayor,* 76 N. H. 187, 191.   The position of the plaintiff, therefore, that the application to the selectmen was a mere demand upon the town, which it was necessary to make before a cause

of action existed, is unsound and unsupported by authority. It was a part of the procedure prescribed by the legislature.

Nor can any serious doubt be entertained that the proceeding constitutes a "personal" action within the meaning of the statute of limitations above quoted. It was a right personal to the land-owner whose land was damaged by the change of grade. It was a right which passed to his administrator upon his decease and not to his heirs. It is similar to the right of an owner to recover damages for a trespass to his real estate. In *Hodgman* v. *Concord*, 69 N. H. 349 it was held that where injury is occasioned to an adjoining estate by a change of grade of a highway, the owner's right of action is complete when such change is made, and is not affected by his con- veyance of the premises prior to the filing of a petition for the as-sessment of damages. For a similar holding in regard to the right to recover damages for the laying out of a highway, see *Bean* v. *Warner*, 38 N. H. 247; *Moore* v. *Boston*, 8 Cush. 274.

If the plaintiff's entire cause of action accrued more than six years before any proceedings were begun for the recovery of her damages, it follows that the statutory limitation applies and con- stitutes a bar to the maintenance of this proceeding. The decision in *Bartlett* v. *Bristol*, 66 N. H. 420 is not a construction of the statute of limitations, as argued by the plaintiff, and evidently was not intended to be. The case of *Bullard* v. *Bull*, 1 Mason, 243, cited by the plaintiff involved the construction of a provision of the New Hampshire statute of limitations (Act of June 16, 1791, Laws, *ed.* 1797, *p.* 160) which is entirely different from our present statute. The case is not in point.

*Case discharged.*

All concurred.