DONALD R. VAUGHN *& a.* v. NEW DURHAM.

*Cooper, Hall & Grimes*, for the plaintiffs.

*Errol S. Hall*, for the defendant.

MARBLE, C. J.   Section 32 of chapter 80 of the Public Laws provides that "If in repairing a highway by the authority of the town the grade is raised or lowered, or a ditch made at the side thereof, whereby damage is occasioned to any estate adjoining, the selectmen, on application in writing of the owner, shall, on notice to and hearing of the applicant, view the premises and assess the damages, and, within thirty days after the application, file the same, with their doings thereon, in the office of the town clerk for record."   Section

33 provides that "If the owner is aggrieved by the assessment, or if the selectmen neglect to file the same within thirty days as aforesaid, he may petition the superior court for an assessment or increase of the damages; and like proceedings shall be had thereon as in case of laying out a highway."

The purpose of these statutory provisions (originally Laws 1848, c. 725) is to compensate the landowner for injury to his land caused by certain alterations in the adjoining highway, since recompense for such injury was not included in the sum awarded him for the taking of his land when the highway was laid out. *Hinckley* v. *Franklin*, 69 N. H. 614, 615. See also, *Gilman* v. *Laconia*, 55 N. H. 130, 131; *Bartlett* v. *Bristol*, 66 N. H. 420, 422; *Bigelow* v. *Whitcomb*, 72 N. H. 473, 480; *Locke* v. *Laconia*, 78 N. H. 79, 81.

In the case of *Gilman* v. *Laconia, supra,* it is said that the statute "provides for an assessment of additional damages," and in *Bartlett* v. *Bristol, supra,* the Court declares: "The evident purpose of the legislature in enacting the statute was to give a party injured the same remedy for the assessment of these damages, in substance, as is provided by statute on an original laying out."

Since the land here involved lies wholly outside the territorial limits of the defendant town, it is evident that no part of that land could ever have been taken by the defendant when the road was first built. It follows that the plaintiffs are not entitled to "additional" damages when they have never received, and were never entitled to receive, any damages at all.

Plaintiffs' counsel in their brief suggest that the "limited conception of a highway as ceasing at town lines is not in keeping with either fact or reason" and call attention to various statutory methods of laying out highways other than by petition to the selectmen. The pertinency of this suggestion is not altogether clear, since the jurisdiction of a town over its highways does not ordinarily extend beyond the limits of the town, and there is here no claim that the Ridge Road was laid out by the joint action of the selectmen of New Durham and Farmington (R. L., c. 90, s. 21).

No question is raised concerning the plaintiffs' right to maintain a common-law action for the invasion of their property.

*Petition dismissed.*

All concurred.