[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
This is an action commenced by the plaintiff against the defendant, Lisman, the Mayor of the City of Milford, and the defendant, City of Milford, for personal injuries alleged to have been sustained by the plaintiff. The plaintiff alleges that his injuries were caused when he tripped and fell on a one-inch lip separating the Town Clerk's vault from the Town Clerk's Office.
In Count One of the Complaint, the plaintiff alleges that the defendant Lisman had the duty to inspect the Town Clerk's Office and to ensure a reasonably safe premises, and that the defendant Lisman, as Mayor, was negligent in that he (a) failed to properly inspect or instruct city employees to inspect the Town Clerk's Office including the Town Clerk's vault; (b) he failed to properly maintain or instruct city employees to maintain a reasonably safe premises: (c) he failed to adequately warn or to instruct city employees to warn individuals of the dangerous and unsafe premises; and (d) he failed to remove or repair or to instruct city employees to remove or repair the one-inch lip protruding from the floor.
In the Second Count of the Complaint against the City of Milford, plaintiff makes a claim under Connecticut General Statutes § 7-465[1], under which the City of Milford would be obligated to pay for all sums which an employee becomes obligated to pay by reason of liability imposed upon an employee for damages.
In the Third Count, the plaintiff makes a direct action against the City of Milford based upon Connecticut General Statute §52-557(n)[2]. Within this Third Count, the plaintiff makes essentially the same negligence allegations directly against the City of Milford as the plaintiff did against the defendant Lisman.
The defendants have filed a motion to strike each of the three counts CT Page 140 of the Complaint arguing that the defendant, Lisman, in his position as Mayor of Milford, cannot be held liable for damages based on governmental immunity for discretionary acts, pursuant to Connecticut General Statutes § 52-227n(B). The defendants further argue that as the Second Count of the Complaint is brought under the provisions of Connecticut General Statutes § 7-465, against the City of Milford, it is derivative of the First Count and must also fail.
Lastly, as to the Third Count against the City of Milford, the defendants argue that the City of Milford is immune from liability, based on governmental immunity, and since its employees took part in discretionary acts, it is not subject to any of the exceptions to immunity.
 I.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, S 35 A.2d 390 (1988)
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980)
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v CBS, Inc., 196 Conn. 91, 108-09, CT Page 141491 A.2d 368 (1985).
 II.
A municipal employee has qualified immunity in the performance of a governmental duty. The municipal employee may be liable if he misperforms a ministerial act as opposed to a discretionary act. The word ministerial "refers to a duty, which is to be performed in a prescribed manner without the exercise of judgment or discretion. . . ." Evon v. Andrews,211 Conn. 501, 505 559 A.2d 1131 (1989)
The instant complaint alleges that the defendant, Lisman, in his capacity as the Mayor of Milford, had the duty to inspect the Milford City Hall, including the Town Clerk's Office to "ensure a reasonable safe premises." This duty, if it exists as alleged, would be a discretionary act. "An inspector's decision as to whether a building falls below a standard and whether remedial orders are therefore required, involved the exercise of his or her judgment." Evon v. Andrews, supra, 211 Conn. 506.
If an act is discretionary in nature, a plaintiff, to be entitled to recover must fall within one of the exceptions to a municipal employee's qualified immunity for discretionary acts. The first exception is where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. The second exception is where a statute specifically provided a cause of action against a municipal officer or municipality for their failure to perform certain laws. Lastly, the third exception is where the acts of the municipal officer involve malice, wantonness or intent to injure, rather than negligence. Burns v. Board of Education,228 Conn. 640, 645, 638 A.2d (1994). As the second and third exceptions stated herein, are not applicable to the present allegations as pleaded, an analysis of the first exception must follow.
The plaintiff, in his opposition to the motion to strike, argues that he was an identifiable person who was subjected to imminent harm due to the defendant Lisman's failure to act in his capacity as a public officer. The defendant relies in most on Burns v. Board of Education,228 Conn. 640 (1994), where a school child fell on an icy courtyard of a school he attended, during school hours. The Supreme Court, in reversing the Appellate Court and the trial court, held that the plaintiff was one of a class of foreseeable victims to whom the superintendent of schools owed a duty of protection with the result that governmental immunity was no defense. The Supreme Court, in reaching its decision, reasoned that "[s]tatutes describe the responsibilities of school children to attend school. The presence of the plaintiff child on school premises where he was injured was not voluntary." The child was compelled to attend CT Page 142 school, and, therefore, required special consideration when dangerous conditions were involved, such as the icy courtyard. Id. at 649, 650.
The Supreme Court also distinguished this case from Evon v. Andrews, supra 211 Conn. 501, by stating "this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. The potential for a fall on ice was significant and foreseeable, as it related to a student at the school.
In the case before this court, the plaintiff alleges that he was lawfully in the Town Clerk's Office and the Town Clerk's vault on December 4, 1998, during business hours when he tripped and fell on a one-inch lip separating the vault from the office area. He was a member of the public, voluntarily on the premises, and presumably was on the premises conducting his own business affairs. This court cannot agree that he was a readily identifiable victim, subject to imminent harm as a member of the general public, visiting a municipal office.
This case does not present the exceptions to the governmental immunity stated in Sestito v. Groton, 178 Conn. 520, 423 A.2d 165 (1979) and Burnsv. Board of Education, supra 228 Conn. 640.
The court agrees that the defendant Mayor Lisman took part in a discretionary act in deciding whether or not the one inch lip separating the Town Clerk's Office from the Town Clerk's vault was safe for the general public. The fall alleged by the plaintiff could have occurred at any time in the future, if at all, and by any member of the general public who chose to visit the Town Clerk's vault. The court hereby grants the motion to strike the First Count against the defendant Lisman in his capacity as Mayor. The Second Count against the City of Milford, brought under Connecticut General Statutes § 7-465, based on the acts of its employee, Lisman, is also granted, as it is derivative of the First Count and must fail for the reasons stated herein.
As to the Third Count, the court agrees with the City of Milford, that it is immune from liability based on governmental immunity. The employee, Lisman, took part in discretionary acts, not subject to any exceptions to this immunity.
The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide. Shore v. Stonington,187 Conn. 147, 152 (1982). It is the existence of a duty that is a dispositive factor concerning the motion to strike. To survive a motion to strike, the court must determine that the defendants owed a duty to the plaintiff. The existence of that duty is a matter for the court to CT Page 143 decide, not a jury. Gordon v. Bridgeport Housing Authority, 208 Conn. 1671,170-171, 544 A.2d 1185 (1988)
Accordingly, the motion to strike the First, Second and Third Counts is granted.
The Court
By Arnold, J.